FILED

The United States District Court for the
Eastern District of Virginia

2010 MAY 28 P 3: 43

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**SIMON L RICHARD** )
    **AND** )
**PATRICIA M RICHARD** )
**Plaintiff** )
 )
    Versus                     No. 1:10cv562
 )        GBL/TCB

**UNITED STATES of AMERICA** )
**Defendant**

Complaint

## I  JURISDICTION

1. This court has jurisdiction over this action pursuant, title 26 Internal Revenue Code Sec 7432 and sec 7433 and venue is proper in the United States Court for the Eastern District of Virginia. As of today, all taxes, fines, penalties, interest have been paid and money stolen from my pay in the form of an Illegal Garnishment remains in the possession of the United States. Also, all administrative procedures have been exhausted.

2. My claim for damages submitted to the area Director Internal Revenue Service dated Sept 4, 2009 (ATTACHMENT A) and the letter from the Internal Revenue Service rejecting my claim dated February 23, 2010 (ATTACHMENT B) clearly shows administrative procedures have been exhausted.

3. My complaint is being submitted more than six months after my claim has been submitted and less than two years after my claim was rejected by the Internal Revenue Service (IRS) In Accordance With (IAW) Internal Revenue Code (IRC) sec 6325.

1

II BACKGROUND

Plaintiff resided out of the United States (in Spain) from 1975 to 1995 while serving with the United States Navy. (10 years on active duty and 9 years as a civilian assigned to the Security Dept. US Naval Station, Rota Spain). Plaintiff returned to the United States in May, 1995 (ATTACHMENT C). The US Navy shipped my Household Goods (all of my furniture, appliances, pots and pans, children's trophies, graduation certificates, memorabilia, collectibles, treasured possessions every thing in my house including all my and my family's clothing that I could not bring on the airplane with me) which arrived in the United Stated on 19 Dec 1995.
 My household goods were stored in New Orleans during the flooding of the city during Hurricane Katrina.

The US Navy paid for the first 6 months of storage. Unable to acquire adequate housing because of the Internal Revenue Service's failure to release the illegal Lien and Quick Claim, I was required to pay the storage cost for the next 14 years. (ATTACHMENT D)

Simon L Richard and Patricia M Richard are now married and have been since 1972. The Richard family now resides at:
6017 Archstone Way Apt 205
Alexandria, VA 22310

III. ILLEGAL ACTIONS BY THE INTERNAL REVENUE SERVICE:

1. The Internal Revenue Service failed to release plaintiff's lien in Violation of Internal Revenue Code Sect 7432.

    A. Plaintiff request for a CERTIFICATE OF RELEASE (ATTACHMENT 1) Dated August 12, 2009

    B. IRS REJECTION OF PLAINTIFF'S REQUEST (ATTACHMENT 2) dated September 23, 2009.

    C. Plaintiff's reply to IRS's rejection (ATTACHMENT 3) dated October 13, 2009

2

D. Notice of Federal Tax Lien (ATTACHMENT 4) dated 17 Sept 96.

E  IRS release of Federal Tax Lien (ATTACHMENT 5) dated 5 Oct09

2.  A QUICK ASSESSMENT of additional tax on my 1991 tax.

> I timely filed (4-15-92) my 1991 Tax on a 1040 Form and got a
> refund, as listed on my 1991 Transcript (ATTACHMENT E).
> Time to File Assessment to my Taxes expired on 4-15-1995. On
> 7-17-1995, the Internal Revenue Service (after the assessment date
> expired) extended the Assessment Statute expiration date.
> In addition, on 8-28-1995 the Internal Revenue Service did a
> QUICK ASSESSMENT ($4,941.00) on my 1991 taxes. In addition,
> The Internal Revenue Service charged me $1,918.60 in interest.
> And $394.59 in Penalties

Title 26 Internal Revenue Code, Chapter 66

```
Sec. 6501. Limitations on assessment and
Collection

"...The amount of any tax imposed
 By this title shall be assessed
 Within 3 years after the return was filed."
```

The Internal Revenue Service abated the Quick Assessment of $4,941.00
On 4-30-2007. Also abated on this date was $1,918.60 in interest and
$394.59 in penalties.

A total of $7,256.19.

The intent to levy on plaintiff 1991 tax dated 5-27-96 (ATTACHMENT
F). was not based on any legal tax liability. The amount claimed by the
IRS was $3873.74 this included penalties and interest. The amount
stolen from plaintiff to pay this Illegal Claim was $7,256.19

The Intent to Levy on my 1992 Tax dated 05-27-96 (ATTACHMENT G),
same date as 1991 Intent to Levy. was based on a 1040A form,

3

submitted by The Internal Revenue Service. Enclosed is a copy of my 1992, 1040 Form dated 25 July 1996 and Received by the Internal Revenue Service on AUG 05, 1996 (ATTACHMENT H), which the Internal Revenue Service accepted. This shows I owed $1,627.00.

Overpayment on my 1995 tax $1.849.00. Dated 4-15-96 was credited to my 1991 Tax. This overpayment should have been Available to satisfy my 1992 Liability

In addition, my 1992 Transcript shows $1,592.94 late filing penalty was abated. On 9-25-95. On the same date $364.94 estimated tax penalty Was also abated by the Internal Revenue Service.

**There were no tax liabilities for 1991 or 1992.**

3. On 10-28-1996, the Internal Revenue Service applied a Lien of $13,643.03 (ATTACHMENT 4) this appears on my 1992 Transcript (ATTACHMENT I) dated 9-23-1996. Plaintiff's1992 Transcript also lists Withholding Credit dated 4-15-1993 as $12,508.47 ($3,181 and $9,329.49) and additional tax assessed 4-25-1995 as $11,913.00. In addition, additional taxes assessed 10-28-1995. Also, on this date the IRS STOLE $387.49 and on 1-21-1997 another $120.43 from my Bank Account, in the form of a Levy.

On 7-19-98, I started paying $380.00 a month. All I could afford for an Illegally Assessed Claim. This was paid until 4-11-99 for a total of $3,040.00. These overpayments were credited to my 1991 Tax.

4. Tax Lien on 1993 and 1997 TAXES

   a. Notice of Federal Tax Lien filed and your Right to a Hearing under IRC 6320, on my 1993 and 1997 taxes dated 09/08/2000 (ATTACHMENT J).

   b. On 1-28-2003 the US Tax Court accepted my request for Litigation (ATTACHMENT k).

4

    c. INTERNAL REVENUE SERVICE letter dated Dec 22, 2003 signed by Robin B Lawhorn clearly states the IRS was aware of the fact the Case was under litigation in Tax Court. (Attachment L).Under:

<u>Issues Raised by the Taxpayer</u>

"You stated on your request for hearing that you
Were in Tax Court. Per our review, the tax court
Issue involved the Notice of Federal Tax Lien."

5. On 2-2-2004 the Internal Revenue Service ordered the State of Louisiana to garnish my pay and send them my money. This is in direct violation of Internal Revenue Service Rules that states:

"Collection will be suspended while taxpayer is in Litigation."

    a. The IRS stole a total of $4,302.45 ($543.21 biweekly ending on 6-01-2004) before the Tax Advocate was able to step in and put an end to this Illegal Action. The Tax Advocate was not successful in having my money returned to me. The Tax Advocate was also not helpful in saving my job. Although these funds were stolen for the 1993 and 1997 Taxes they were credited to a non-existing 1992 tax.

    b. Tax COURT ruled in Richard vs. Commissioner (ATTACHMENT M)

"That there are no unpaid income taxes with respect to
Petitioners' 1993 taxable year, that there are unpaid
Income taxes with respect to petitioners' 1997 taxable
Year in the amount of $782.50"

    c. Check for payment of $782.50 (ATTACHMENT N)

5

## II. SUMARY OF ILLEGAL ACTIONS BY THE INTERNAL REVENUE SERVICE:

1. THE INTERNAL REVENUE SERVICE failed to release the Lien On plaintiff's 1991 and 1992 taxes.

2. QUICK ASSESSMENT on plaintiff's 1991 taxes three years and four Months and 13 days after the return was filed.
   Internal Revenue Service abated this Assessment.

3. Illegally extending the date of assessment was a cover up for the Illegal Quick Assessment. This was done after the assessment date had expired

4. Charged interest on taxes not owed on my 1991 Taxes
   The Internal Revenue Service abated this Assessment.

5. Charged penalties on taxes not owed
   The Internal Revenue Service abated this Assessment.

6. LIEN ON 1991 AND 1992 TAXES
   $13,643.00 Illegally Assessed taxes not owed.

7. LIEN ON 1993 AND 1997 TAXES

8. LEVY ON 1993 AND 1997 TAXES WHILE I WAS IN TAX COURT

DAMAGES

1. $650,000.00 in funds to purchase a house
   In February, 2009, A request for a loan to buy a house was denied by Navy Federal Credit Union (ATTACHMENT O). Reason given was Lien on Credit Report.

2. Funds paid for storage of household goods @ $450.00 a month
   For 14 years. $75,600.00 and still paying.

3. Damages done to my household goods in storage in New Orleans by the flooding of the city during Hurricane Katrina. IN EXCESS OF $150,000.00 after inspections of 6 of the 13 containers all were water Damaged. The other 7 containers were not available at the time I was in Alabama to inspect my shipment after it was moved from New Orleans

   Also, in my household goods were several paintings by <u>John Fulton</u> The American Bull Fighter, which were painted with the blood of the Bulls he killed. A collection of Gold Leaf Paintings and my entire Collection of Chess Sets from around the world. Two pianos as well as My son's collections of Baseball Cards. My wife's collection of Lladros was also in my shipment. The value if these is in excess of $1,500,000.00. As of now, I do not know the condition of these items. They were under water. I have not had access to these items for the last 14 years.

4. Overpayments
   A. $15,188.76 money stolen from me and applied to an illegally assessed 1991 tax

   B. $4,302.45 funds illegally collected under the pretense of a Garnishment.

   C. $319.00 overpayment on plaintiff's 1999 taxes

   D. $219.00 overpayment on plaintiff's 2000 tax

   E  $600.00 overpayment on 8-6-2002 immediate tax relief

7

5. $800,000.00 loss of equity in a house I was denied to purchase because The IRS failed to release the lien.

6. $74,000.00 loss of wages by being forced to resign 2 years and 4 months before retirement and I have no idea what the pension is worth.

7. $850,000.00 pain and suffering and damage to my credit and reputation.

**IN CONCLUSION:**

I Pray the Court will see fit to repair the damage done to my family and me by awarding me $2,624,629 in actual damages, which I have listed.

Also, up to $1,500,000.00 in possible damages to plaintiff's household goods now in storage and have been for the last 14 years this shipment was under water during Hurricane Katrina in New Orleans and most likely suffered water damage.

In addition, interest on all of the above to be determined by the Secretary.

Respectfully submitted,

*Simon L. Richard*                    *Patricia M. Richard*

Simon L. Richard                    Patricia M. Richard

Dated: 28 May 2010

6017 Archstone Way #205
Alexandria, VA 22301
(225) 288-2545